UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.

VERSUS

LUCY E. ABBAS

CIVIL ACTION

NO. 00-0173

SECTION "A"

## ORDER

In order to facilitate the parties in reaching an amicable settlement of this phase of these proceedings, the parties agree to the Court's entering the hereinafter set out agreement with full reservation of the right to move at any time hereafter to have such agreement set aside. Such agreement to set aside to be heard at any time after 11:00 a.m. on Thursday, January 20, 2000, providing that such moving party shall notify the Court and opposing counsel of such intent by 10:00 a.m. on January 20, 2000. This particular agreement terminates at the conclusion of a hearing on Merrill Lynch's TRO to be held on Monday, January 24, 2000, at 11:00 a.m. The defendant, Lucy E. Abbas, makes no admissions by entering into this agreement and reserves her right to take positions contrary to each sentence set forth in this agreement at the time of the hearing on January 24, 2000 and at any time thereafter.

**IT IS HEREBY ORDERED AND DECREED THAT:**

1. Defendant is enjoined and restrained, directly or indirectly, and whether alone or in concert with others, including any officer, agent, representative, and/or employee of defendant's current employer, until hearing and thereafter until further Order of this Court from:


DATE OF ENTRY: JAN 2 0 2000

1



(a) soliciting any business from any customer of Merrill Lynch whom defendant served or whose name became known to defendant while in the employ of Merrill Lynch, and, further, from accepting any business or account transfers from any of said customers whom defendant has solicited to do business with her current employer (excluding (i) defendant's family and relatives, and (ii) any customer serviced by defendant as a registered representative prior to her employment with Merrill Lunch);

(b) using, disclosing, or transmitting for any purpose, including solicitation of said customers, the information contained in the records of Merrill Lynch, including, but not limited to, the names, addresses, telephone numbers and financial information of said customers;

(c) accepting any business or account transfers from any Merrill Lynch customer whose records or information was used by defendant to solicit customers or was disclosed by defendant to her current employer or to any third party; and

(d) destroying, erasing or otherwise making unavailable for further proceedings in this matter, or in any arbitration proceeding between the parties, any records or documents (including computer readable media) in defendant's possession or control which were obtained from or contain information derived from any Merrill Lynch records, which pertain to Merrill Lynch customers, or which relate to any of the events alleged in the Complaint in this action.

2. Defendant, and anyone acting in concert or participation with defendant, including any agent, employee, officer or representative of her current employer, are further ordered to refrain from using and shall deliver to her counsel any and all records, documents and/or information pertaining

to Merrill Lynch customers, whether in original, copied, computerized, handwritten or any other form within 24 hours of this Order.

New Orleans, Louisiana, this 19th day of January, 2000.

*[signature]*
UNITED STATES DISTRICT JUDGE

AGREED:

*[signature]* Mark J. Mercante   attorney for Lucy E. Abbas

*[signature]*   Attorney for Merrill Lynch et al